## Miller et al. *versus* Holman.

1. J. B. and wife conveyed a tract of land, by a deed containing a reservation as follows in the preamble: "Whereas a part of the said premises has since been laid out into a town plat, now called and known by the name of Bath, and lots thereof, hereinafter excepted and reserved, have been sold and disposed of by the said J. B. and wife, and the titles thereto are now vested in other persons;" and in the description of the premises granted, after embracing the whole farm, was this clause: "Excepting thereout lots No. 2, etc., in the said town of Bath, as the same are laid out and numbered on an original plat or draft of said town, which have been heretofore conveyed, and in which the said J. B. and wife hold no estate." *Held:* That these recitals were not sufficient evidence of an outstanding title to defeat the recovery by the heirs of J. B. of the lots reserved from one in possession, who had shown no title in himself.

2. Recitals cannot have the effect of an estoppel, in favor of one who was neither a party nor a privy to the deed.

3. An estoppel can only be pleaded or asserted by one who was affected by the act which constitutes the estoppel.

ERROR to the Court of Common Pleas of *Chester county*.

*Darlington*, for plaintiffs in error.

*Pennypacker* and *Hurst*, for defendant in error.

The facts of the case appear in the opinion of the court, which was delivered by

[Miller et al. *v.* Holman.]

KNOX, J.—This action was ejectment. Plaintiffs claimed title as heirs-at-law of James Bones, who was the owner and possessor of a farm containing one hundred and fifty-two acres, and including the lots in dispute, from 1814 to 1831. A deed was given in evidence by the plaintiff, having date on the 14th of April, A. D. 1831, from their ancestor, James Bones, to A. W. Olwine, for the farm of one hundred and fifty-two acres, containing a reservation of the property in dispute, in the following language in the preamble : "And whereas a part of the said premises has since been laid out into a town plat, now called and known by the name of Bath, and various lots thereof hereinafter excepted and reserved, have been sold and disposed of by the said James Bones and wife, and the titles thereto are now vested in other persons." And in the description of the premises, after embracing the whole farm, is this clause : "Excepting thereout lots No. 2, &c., in the said town of Bath, as the same are laid out and numbered on an original plot or draft of said town, which have been heretofore conveyed, and in which the said James Bones and wife hold no estate."

The Common Pleas instructed the jury, that the deed "showed title out of Bones in his lifetime and in defendants," and that their verdict should be for the defendants.

As the case is presented to us, it is manifest that the court below was in error in saying, that the deed from Bones to Olwine was evidence of title in Holman, the defendant. There was no connection shown between Olwine and Holman, or between Holman and any other person claiming title, either from or adverse to Bones. We must consider Holman as in possession without title; and the question presented is, whether the recitals in the deed from Bones to Olwine were sufficient evidence of an outstanding title to defeat the plaintiff's recovery. The argument that the recitals are to have the effect of an estoppel, is conclusively answered by the fact that Holman, the defendant, was neither a party nor a privy to the deed, and none others can take advantage of an estoppel. *Shaw* v. *Galbraith*, 7 Barr, 111; *Freeman* v. *Caldwell*, 10 Watts, 11. It is even difficult to see how Olwine, or one claiming title under him, could make recitals work an estoppel. A grantor may lawfully reserve any portion of an estate conveyed; and the reason which he gives for the reservation, cannot be questioned by the grantee. This is immaterial, unless it in some manner affects the grantee's interest. Bones did not convey the land in dispute to Olwine, and he gave as a reason that he had no title to it; doubtless, its value was deducted from the value of the entire farm; and whilst Olwine did not get title to the part excepted, he could not complain, for he paid nothing for it. Could he then complain, even if the written statement of Bones was untrue? If not, the falsity

[Miller v. Holman.]

of the recital might be shown, even as against him. An estoppel can only be pleaded or asserted by one who was affected by the act which constitutes the estoppel. *Miles* v. *Miles*, 8 W. & S. 135.

If, then, the recitals in the deed cannot be treated as estopping the heirs of Bones from denying the facts recited, were they, uncontradicted, evidence of an outstanding title sufficient to protect the possession of a stranger to that title? After some hesitation, a majority of the court are of opinion that they were not. It would be extremely difficult to prove, affirmatively, that no conveyance was ever given, except it might be inferred from its absence from the records, and from the fact that no possession was ever taken on demand, by one claiming to have such a conveyance. The recitals in the deed can only be considered as a declaration of James Bones, that he had conveyed this property away to some person or persons, but to whom it is not shown. If there had been evidence of the existence of a prior conveyance or grant, and its validity was questioned, this declaration would have been strong corroborative proof: but, standing by itself, it does not establish an outstanding title. In *Sanford* v. *Decamp*, 8 W. 542, little if any effect was given to the parol declarations of a party made to a stranger, affecting his title. And in *Faust* v. *Ross*, 1 W. & S. 506; and in *Hunter et al.* v. *Cochran*, 3 Baker, 105, it was ruled, that where one enters without right, he cannot protect his possession by evidence of an outstanding title, unless that title be a valid and subsisting one. It cannot be said that here was evidence of a valid outstanding title, for the proof, such as it was, indicated no person as the owner or holder of the title, and proper parties are absolutely necessary for the validity of a conveyance.

Upon the whole case, the court should have instructed the jury, that under the evidence the plaintiffs were entitled to a verdict.

Judgment reversed, and *venire de novo* awarded.

Lewis, C. J., dissented.